UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| American Patents LLC<br><br>**Plaintiff,**<br><br>v.<br><br>ZTE Corp.,<br>ZTE (TX) Inc., and<br>ZTE (USA) Inc.<br><br><br>**Defendants.** | Case No. 4:18-cv-675-ALM<br><br>Jury Trial Demanded |

## DEFENDANT ZTE (TX) INC'S MOTION TO DISMISS FOR LACK OF VENUE AND FAILURE TO STATE A CLAIM

ZTE (TX), Inc. ("ZTX") moves that Plaintiff's *Complaint* (Dkt. 1) be dismissed for lack of venue under Fed. R. Civ. P. 12(b)(3) because ZTX is not a resident of, and does not have any regular and established place of business in, the Eastern District of Texas. ZTX further moves to dismiss Plaintiff's Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) because Plaintiff does not accuse ZTX of any infringing acts.

I. **Venue is Improper Against ZTX in the Eastern District of Texas**

28 U.S.C. §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). 28 U.S.C. §1400(b) provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

In an action involving multiple defendants, venue and jurisdiction requirements must be met as to each defendant. *Magnacoustics, Inc. v. Resonance Technology Co.*, No. 97–1247, 1997 WL

592863, at *1 (Fed. Cir. Sept. 25, 1997). Because ZTX neither resides, nor has any regular and established place of business, in this District, venue does not lie and this case must be dismissed as a matter of law.

### A. ZTX does not "Reside" in the Eastern District of Texas

By the plain terms of §1400(b), patent infringement cases may be brought only "in *the judicial district* where the defendant resides." 28 U.S.C. §1400(b) (emphasis added). "[F]or purposes of determining venue under §1400(b) in a state having multiple judicial districts, a corporate defendant shall be considered to "reside" only in the single judicial district within that state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located." *In re BigCommerce Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018.)

ZTX's principal (and only) place of business within the State of Texas is its office in Austin, Texas, which is located within the Western District of Texas. *Declaration of Chao (George) Shan In Support of Defendant's Motion to Dismiss*, ¶ 13-14, attached as Exhibit A. Thus, for the same reasons as the defendant in *BigCommerce,* under 28 U.S.C. §1400(b), ZTX resides only in the Western District of Texas, not in the Eastern District of Texas.

This Court's very recent decisions in *Agis Software Development, LLC v. ZTE Corp. et al.*, Civ. No. 2:17-cv-00517-JRG, and *Fractus, S.A. v. ZTE Corp., et al.*, Civ. No. 2:17-cv-00561, granting ZTX's venue motions on identical facts (Dkts. 203 and 104, respectively), confirm that venue against ZTE (TX) Inc. is improper in the Eastern District of Texas.

### B. ZTX does not have a "Regular and Established Place of Business" in the Eastern District of Texas

As shown by the *Declaration of Chao (George) Shan In Support of Defendant's Motion to Dismiss,* and under the standard established by *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), ZTX has no "regular and established place of business" in this District as required by the

second prong of §1400(b). Indeed, the *Complaint* (Dkt. 1) does not allege venue based on ZTX's regular and established place of business, and venue does not lie under the second prong of §1400(b).

### C. Plaintiff Cannot Meet Its Burden to Establish Proper Venue in This District

A plaintiff bears the burden of establishing proper venue in a patent case. *In re ZTE (USA) Inc.*, 890 F.3d at 1013, Here, the Plaintiff has not, and cannot, meet its burden. Because ZTX cannot be considered to "reside" in this District under the test set forth by in *In re BigCommerce,* 890 F.3d at 986, venue in this District cannot be supported under the first prong of 28 U.S.C. § 1400(b).

Plaintiff's venue allegation as to ZTX in ¶24 of the *Complaint* (Dkt. 1) is limited to the single conclusory statement that ZTX "is incorporated in Texas pursuant to 28 USC §1391(d)." But, per the Supreme Court's holding in *TC Heartland,* only 28 USC §1400(b) controls in a patent case - §1391 in inapplicable to patent venue. ZTX has an "office in Austin, Texas" which "is its [principal and] only physical place of business… in Texas." Shan Decl. ¶14. Austin is located in the Western District of Texas and thus, under *BigCommerce*, ZTX resides in Texas only in the Western District. Plaintiff's only other factual allegation as to ZTX, in ¶3 (that ZTX's registered agent for the service of process has an office in Plano) also does not establish venue. Because ZTX has a place of business within its state of incorporation, the registered-office "saving clause" of *BigCommerce* is irrelevant to the issue of venue and the fact ZTX's registered agent—in this case, its outside counsel—has an office in the Eastern District of Texas cannot support venue in this District. *Cf. In re Cray* at 1361 (cautioning "not to conflate showings that may be sufficient for other purposes, e.g., personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases.")

### D. There Is No Venue Over Patent Cases Under 28 U.S.C. §1391

It is black-letter law under *TC Heartland*, 137 S. Ct. at 1519 that 28 U.S.C. §1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." Yet in both paragraphs 24 and 25 of its complaint filed more than one year after *TC Heartland* was decided, Plaintiff still attempts to assert venue against ZTX in this patent case under 28 U.S.C. §1391. Plaintiff cites no authority, and makes no argument, in support of this assertion and Plaintiff's venue allegations under §1391 are insufficient as a matter of law.

## II. Plaintiff Fails to State a Valid Claim

Plaintiff fails to distinguish between the actions of ZTX, ZTE (USA) Inc., and ZTE Corp., or allege or plead facts sufficient to pierce the corporate veil between the defendants. ZTX is an R&D entity that is not even in the business of selling or offering to sell any of the accused products. Consequently, Plaintiff fails to allege or plead facts sufficient to prove infringement by ZTX. Accordingly, the Complaint should be dismissed for failure to state a claim.

### A. ZTX Does Not Perform the Acts Complained Of

ZTX was incorporated in 2013 "to more effectively manage the R&D functions in the U.S."[1] ZTX conducts research and development activities and provides technical marketing support for ZTE Corporation. Shan Decl. at ¶4. These research and development activities include designing telecommunications devices and developing telecom technology standards, solutions, and applications for the next generation of telecommunications technology. *Id.* ZTX does not manufacture or make, sell or offer to sell, import, or use in the course of its business activities any products, such as the products accused in Plaintiff's complaint, e.g. Compl. at ¶33. Because ZTX merely conducts research and development activities and provides technical marketing support for

---

[1] *See* ZTETX website, retrieved from: http://www.ztetx.com/about/zte_us_ltd/ on 25 Sept. 2017.

ZTE Corporation, Shan Decl. ¶ 4, which is the only customer of ZTX, *Id.* ¶ 5, ZTX cannot be found to have committed any acts of infringement as alleged in the Complaint.

### B. The Complaint Fails to Allege Infringement By ZTX

To state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[2] Although detailed factual allegations are not required, to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining the plausibility of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Rather than alleging or pleading facts sufficient to prove that ZTX made, used, sold, offered to sell, and/or imported into the United States any of the devices identified in Complaint, Plaintiff merely lumps ZTX in with other defendants under the label "ZTE" and recites conclusory statements which are untrue as to all of the defendants. *See, e.g.* Compl. at ¶17 ("ZTE makes, uses, sells, and/or offers to sell products in this judicial district that are accused of infringement in this

---

[2] While Form 18 of Fed. R. Civ. P. 84 previously governed pleading requirements for allegations of direct infringement, this rule was abrogated on Dec. 1, 2015. *See Ruby Sands LLC v. Am. Nat'l Bank of Texas, et al.*, No. 2:15-cv-1955, 2016 WL 3542430, at *2-3 (E.D. Tex. June 28, 2016) (stating that "[f]orm 18 no longer provides a safe harbor for direct infringement claims.") As a result, pleading requirements for direct infringement claims now must meet the same higher standard as those for indirect infringement.

Complaint."). Compare, Shan Decl. ¶10 ("ZTX does not sell or offer to sell any products in the Eastern District of Texas at all. . .")

The undisputed evidence provided by George Shan[3] confirms that because ZTX's activities do not relate to the activities or devices identified in Plaintiff's complaint, ZTX cannot have committed the acts of infringement which are the subject of the Complaint.

### C.     Plaintiff Fails to Plead or Allege Facts with Sufficient Specificity as to ZTX

"With respect to venue, '[s]o long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.'" *Blue Spike, LLC v. Nook Dig., LLC,* 2017 U.S. Dist. LEXIS 120400, 9 (E.D.TX. Civil Action No. 6:16-cv-1361-RWS-JDL.)  (*Citing* 14D Wright & Miller, Federal Practice & Procedure, § 3823, at 148-49 (citing *L. D. Schreiber Cheese Co. v. Clearfield Cheese Co.*, 495 F. Supp. 313, 318 (W.D. Pa. 1980) ("It is clear under 28 U.S.C. § 1400(b) that the mere existence of a wholly-owned subsidiary in a judicial district does not, by itself, suffice to establish venue over the subsidiary's parent corporation."); *Schippers v. Midas Int'l Corp.*, 446 F. Supp. 62, 63 (E.D. Tenn. 1978); *Teledyne Ryan Aeronautical Co. v. Montgomery Ward & Co.*, 326 F. Supp. 813, 820 (D. Colo. 1971).))

A complaint cannot lump defendants together in addressing infringement claims and must identify which particular defendant or defendants are responsible for which allegedly infringing products, processes or methods. *See M2M Solutions LLC v. Telit Communs. PLC,* 2015 U.S. Dist.

---

[3] To the extent the plaintiff's claims affect propriety of venue, it is clear evidence introduced by ZTX may be considered under 12(b)(3). More broadly under 12(b)(6), the Court may take judicial notice of appropriate facts, or consider facts to evaluate the insufficiency of Plaintiff's allegations.

LEXIS 102349 (D. Del. 2015) (finding that complaint pleading direct infringement failed to satisfy requirements of Form 18).

After initially identifying ZTX, ZTE (USA) Inc., and ZTE Corporation as defendants, Plaintiff subsequently refers to ZTX, ZTE (USA) Inc. and ZTE Corporation collectively as either "Defendant(s)" or "ZTE." As in *M2M Solutions LLC*, Plaintiff's complaint fails to identify what ZTX allegedly did which may be infringing.

Accordingly, there are no factual allegations that put ZTX on notice of any allegedly infringing activity, direct or indirect. In other words, Plaintiff's complaint fails to set forth sufficient factual matter to "state a claim to relief that is plausible on its face" and to put ZTX on notice of what they have to defend against. *Twombly*, 550 U.S. at 570; *Macronix Int'l Co. v. Spansion Inc.*, F. Supp. 3d 797, 804 (E.D. Va. 2014). As a result, Plaintiff's infringement allegations against ZTX must be dismissed.

### III. Conclusion: Plaintiff's Complaint Must Be Dismissed

"Venue requirements exist for the benefit of defendants," *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 38 USPQ2d 1860 (Fed. Cir. 1996), and they are mandatory. *See* 28 U.S. Code § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district **shall** dismiss, or… transfer such case to any district or division in which it could have been brought.") (emphasis added).

ZTX does not reside in this District, and it does not have any regular and established place of business in this District, therefore venue does not lie here under 28 U.S.C. §1400(b). Indeed, ZTX is not even the proper entity to defend against any allegations relating to consumer wireless equipment sold in the US, let alone this District. Allowing this case to proceed in this District would be manifestly contrary to, and reward plaintiff's calculated effort to avoid, the

plain and indisputable intent and mandate of Congress, the Supreme Court, the Fifth Circuit, the Federal Circuit, and this Court.

ZTX therefore respectfully requests that this Court dismiss this case under Fed. R. Civ. P. 12(b)(3) and 12(b)(6).

October 19, 2018

Respectfully Submitted,

/s/ Erik Dykema
Everett Upshaw
State Bar of Texas No. 24025690
everettupshaw@upshawpllc.com
Keana T. Taylor
State Bar of Texas No. 24042013
keanataylor@upshawpllc.com
Erik Dykema
New York Bar No. 4882460
erikdykema@upshawpllc.com
Craig Uhrich
State Bar of Texas No. 24033284
craiguhrich@upshawpllc.com
UPSHAW PLLC
1204 Gano Street
Dallas, TX 75215
P: (972) 920-8000
F: (972) 920-8001

**COUNSEL FOR DEFENDANT ZTE (USA) INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 19, 2018.

/s/ Erik Dykema
Erik Dykema