# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ZTE CORP., ZTE (TX) INC., and ZTE (USA) INC.,<br><br>    Defendants. | CIVIL ACTION NO. 4:18-cv-675-ALM<br><br>JURY TRIAL DEMANDED |

## AMERICAN PATENTS' OPPOSITION TO DEFENDANT ZTE (TX) INC'S MOTION TO DISMISS FOR LACK OF VENUE AND FAILURE TO STATE A CLAIM

ZTE (TX) ("ZTX")'s motion to dismiss for improper venue under Rule 12(b)(3) fails because ZTX resides in the Eastern District of Texas. Earlier this year, the Federal Circuit clarified where defendants incorporated in multi-district states reside for purposes of patent venue. In particular, the Circuit held that "[i]f the corporation does not maintain its principal place of business within the state in which it is incorporated," then it "reside[s] in the district in which its registered office, as recorded in its corporate filings, is located." *In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018). Although ZTX is incorporated in Texas, the uncontroverted evidence shows that its principal place of business is in Milpitas, California. And that evidence also shows that ZTX maintains its Texas registered office in Plano.

ZTX's motion to dismiss under Rule 12(b)(6) also fails for at least two reasons. First, ZTX's denials of the complaint's factual allegations of infringement are irrelevant, and its attempt to introduce evidence outside the pleadings is improper. Second, the complaint pleads facts about ZTX's liability that surpass the pleading standard for a patent infringement case.

## I.     VENUE IS PROPER IN THE EASTERN DISTRICT OF TEXAS

Venue is proper if ZTX resides in the district, or if it has committed acts of infringement and has a regular and established place of business here. 28 U.S.C. § 1400(b). Here, ZTX indisputably meets § 1400(b)'s first prong.

### A.     Venue Is Proper Because ZTX Resides in the Eastern District of Texas

Venue is proper in this District because ZTX resides here. There is no dispute that ZTX resides somewhere in Texas, the state of its incorporation, for venue purposes. *TC Heartland LLC v. Kraft Foods Grp. Brands* LLC, 137 S. Ct. 1514, 1521 (2017). In *BigCommerce*, the Federal Circuit held that, in states containing multiple judicial districts (like Texas), a corporate patent defendant "shall be considered to 'reside' only in the single judicial district within that

1

state where it maintains a principal place of business, or, failing that, the judicial district in which its registered office is located." 890 F.3d at 986. Here, ZTX resides in this District because—***by its own admission***—its principal place of business is in Milpitas, California (*i.e.*, not in a judicial district within Texas), and its registered office is in Plano, which is in the Eastern District of Texas.

### a. ZTX's Principal Place of Business Is In Milpitas, California

Under controlling Supreme Court and Federal Circuit precedent, ZTX has only one principal place of business. By its own admission on multiple separate occasions, that place is in Milpitas, California.

*BigCommerce* is clear that, by "principal place of business," it refers to the legal term as it is understood and applied for purposes of analyzing diversity jurisdiction: the corporation's "nerve center," or "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *BigCommerce*, 890 F.3d at 985 (quoting 8 Fletcher Cyc. Corp. § 4030.10 (Sept. 2017)); *see also Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 504 (1894) (holding that corporate inhabitance is determined "by the principal offices of the corporation, where its books are kept and its corporate business is transacted"), *cited in BigCommerce*, 890 F.3d at 985. The "principal place of business" as applied in *BigCommerce* does ***not*** refer to any place of business that happens to be in the state of incorporation. *Id.* ("We note that the 'principal place of business,' as it relates to the 'resides' prong of § 1400(b), is to be distinguished from the 'regular and established place of business' prong of the statute.") (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). And principal place of business is singular—a corporation has only one. *Hertz Corp*, 559 U.S. at 93 ("The word 'place' is in the singular, not

the plural. The word 'principal' requires us to pick out the 'main, prominent' or 'leading' place. . . . A corporation's 'nerve center,' usually its main headquarters, is a single place.").

Here, the uncontroverted evidence—much of which ZTX itself provided in the Shan declaration—establishes beyond any doubt that "ZTX's principal place of business is located in Milpitas, California." Dkt. 19-1 (Shan Decl.) ¶ 13. Indeed, Mr. Shan's declaration explicitly and unequivocally states as much *no less than three separate times*. *Id.* ¶¶ 13 (*see supra*), 16, 17; *see also id.* ¶ 17 (referring to "ZTX's headquarters in Milpitas, California.").[1] Further, ZTX has admitted in other court filings, on multiple occasions in multiple districts, that its principal place of business is in Milpitas. Ex. 1 [Answer, No. 3:17-cv-3196 (N.D. Tex. Mar. 2, 2018)] at ¶¶ 4, 9; Ex. 2 [Answer, No. 3:17-cv-2130 (S.D. Cal. Dec. 22, 2017)] at ¶ 6; Ex. 3 [Answer, No. 6:15-cv-919 (E.D. Tex. May 3, 2016)] at ¶ 4. And ZTX's website and governmental filings list its mailing address in Milpitas. Ex. 4 [ZTX Website]; Ex. 5 [TX Comptroller Results].

Perhaps recognizing its predicament, ZTX puts words in its witness's mouth. The Shan declaration states that "The ZTX office in Austin, Texas, is the only physical place of business maintained by ZTX in Texas." Shan Decl. ¶ 14. But, in its Motion, ZTX has added to this statement: "ZTX has an 'office in Austin, Texas' which 'is its [principal and] only place of business . . . in Texas.'" Mot. at 3 (quoting Shan Decl. ¶ 14) (alterations in Motion). ZTX's addition of the words "principal and" to its own witness's testimony is the *only* "evidence" it presents to suggest that Austin, Texas could somehow be considered its principal place of business. But, of course, ZTX's alterations to witness testimony are not evidence at all (nor is it

---

[1] When deciding a motion to dismiss for improper venue, the Court may consider both the complaint and evidence outside the complaint. *See Am. GNC Corp. v. ZTE Corp.*, No. 4:17-cv-620-ALM-KPJ, 2017 WL 5163605, at *2 (E.D. Tex. Oct. 4, 2017) (denying motion to dismiss).

an acceptable way to attempt to persuade the Court). And without this, there is ***no evidence*** that could remotely suggest that ZTX has its principal place of business in Austin.

Second, and relatedly, ZTX mischaracterizes the rule of *BigCommerce* by conflating the legal term of art "principal place of business" with ***any*** place of business. ZTX asserts that, "[b]ecause ZTX has ***a place of business*** within its state of incorporation, the registered-office 'saving clause' of *BigCommerce* is irrelevant to the issue of venue . . . ." Mot. at 3 (emphasis added). As explained above, both *BigCommerce* and relevant Supreme Court case law directly contradict this reading. Prong one of *BigCommerce*'s holding applies only to the (singular) principal place of business, not any place of business that happens to be within the state of incorporation. 890 F.3d at 985. A corporation may have only one principal place of business, so ZTX cannot have a principal place of business in both California and Austin. *Hertz Corp.*, 559 U.S. at 93; *BigCommerce*, 890 F.3d at 982. Finally, the principal place of business need not be in the state of incorporation; indeed, *BigCommerce* recognizes and anticipates this very situation:

> If the corporation does not maintain ***its principal place of business*** within the state in which it is incorporated—yet for purposes of venue is considered to be a resident of the state in which it is incorporated—then the natural default is to deem it to reside in the district in which its registered office, as recorded in its corporate filings, is located.

*Id.* at 985 (internal citations omitted) (emphasis added).[2] So ZTX's Austin office cannot satisfy *BigCommerce*'s "principal place of business" prong, and the Court should reject ZTX's misreading to the contrary.

---

[2] It is also worth noting that the facts of *BigCommerce* are readily distinguishable from those present here. In *BigCommerce*, the defendant was incorporated in Texas ***and had its headquarters*** in Austin, Texas, and was thus held to reside in the Western District of Texas. ZTX's attempt to draw a parallel between the facts of *BigCommerce* and this case—in which its principal place of business is located outside Texas—is tenuous at best. *See* Mot. at 2 ("Thus, ***for the same reasons as the defendant in* BigCommerce**, under 28 U.S.C. § 1400(b), ZTX resides only in the Western District of Texas[.]") (emphasis added).

Third, ZTX maintains that this Court has decided that venue against ZTX is improper in the Eastern District of Texas, after "granting ZTX's venue motions on identical facts." Mot. at 2 (citing *Agis Software Development, LLC v. ZTE Corp. et al.*, No. 2:17-cv-517-JRG (Dkt. 203), and *Fractus, S.A. v. ZTE Corp., et al.*, No. 2:17-cv-561 (Dkt. 104), attached as Exs. 6 and 7 respectively). That is not remotely true. Neither cited decision addressed whether ZTX resides in this District. In fact, neither decision addressed *any* facts regarding ZTX at all. Rather, both analyzed the propriety of venue as to a separate entity, ZTE (USA), which is not a party to this suit. Ex. 6 [*Agis* Transfer Order] at 6 ("Having found venue improper as to [ZTE (USA)], the Court need not consider the propriety of venue as to ZTX . . . ."); Ex. 7 [*Fractus* Transfer Order] at 3-9 (analyzing whether ZTE (USA) has a regular and established place of business in the Eastern District of Texas). So neither decision lends any persuasive value whatsoever to ZTX's arguments here.

Accordingly, because ZTX's principal place of business is in Milpitas, California, and not within any judicial district in Texas, *BigCommerce* requires that the Court look to the district in which ZTX's registered office is located.

### b. ZTX Maintains Its Registered Office In This District

ZTX does not dispute, and in fact affirmatively admits, that its registered office is in Plano, Texas. Dkt. 1 (Complaint) at ¶ 3; Mot. at 3; Shan Decl. at ¶ 14; *see also* Ex. 5 [TX Comptroller Results]. Plano is in the Eastern District of Texas. Accordingly, for purposes of venue under § 1400(b), ZTX resides in the Eastern District of Texas, and venue is proper here.

If, however, the Court were to accept ZTX's position that its principal place of business is in Austin, Texas, then American Patents respectfully requests that the Court transfer this action to the Western District of Texas pursuant to 28 U.S.C. § 1406(a), instead of dismissing it.

## II.     THE COMPLAINT STATES A CLAIM FOR INFRINGEMENT AGAINST ZTX

ZTX presents two principal arguments in support of its 12(b)(6) motion.[3] First, it denies the factual allegations of infringement as pleaded in the complaint. Second, ZTX argues that the complaint is defective because it pleads facts as to multiple defendants[4] collectively. But a motion to dismiss is not the proper vehicle to deny the factual allegations in a complaint. And American Patents' complaint easily exceeds the standard for pleading infringement by ZTX.

### A.     ZTX's Factual Denials Are Irrelevant to Its Rule 12(b)(6) Motion to Dismiss

ZTX's attempt to challenge the complaint's factual allegations by a Rule 12(b)(6) motion is improper. *See* Mot. at 4-6. ZTX asserts that it "does not manufacture or make, sell or offer to sell, import, or use in the course of its business activities any products," but "conducts research and development activities and provides technical marketing support for ZTE Corporation." Mot. at 4. But whether ZTX contests American Patents' factual allegations is irrelevant to whether those allegations plead a plausible claim for patent infringement. ZTX's denials to the complaint's allegations belong in its answer, not a motion to dismiss.

Relatedly, ZTX's reliance on the Shan declaration is improper because, "[i]n determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *see also M2M Solutions LLC v. Telit Communications PLC*, No. 14-cv-1103-RGA, 2015 WL 4640400, at *2 (D. Del. Aug. 5, 2015) ("[Defendant] uses extrinsic evidence that is not included in Plaintiff's complaint to

---

[3] ZTX divides the 12(b)(6) portion of its motion into three sections; however, Part B (Mot. at pp. 5-6) appears to be advancing the same arguments as Parts A and C.

[4] American Patents dismissed ZTE (USA) from this case before ZTX filed its motion to dismiss; currently, only ZTE Corporation and ZTX remain as defendants. Dkt. 12.

demonstrate the implausibility of Plaintiff's factual inference. The use of extrinsic evidence is improper.").[5] And even if it could be considered for purposes of ZTX's Rule 12(b)(6) motion, the declaration could not be used to "trump contradictory allegations in the complaint." *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440-41 (5th Cir. 2015).

In any case, as a factual matter, ZTX's brief and the Shan declaration appear to **support** the complaint's allegations. For instance, the Shan declaration allows that ZTX "use[s]" devices "as an end-user of consumer wireless equipment similar to any other US consumer or company which conducts business by phone." Shan Decl. ¶ 12. But there is no exception to liability for use of an accused product "as an end-user." Likewise, ZTX concedes that it conducts research and development activities, including designing telecommunications devices, and provides technical marketing support for co-defendant ZTE Corporation. Mot. at 4-5. To the extent these activities involve the use of accused devices in the United States (which ZTX does not deny), they also amount to infringement.

B.     The Complaint Properly Alleges Infringement By ZTX

ZTX next argues, relying on *M2M Solutions*, that the complaint does not adequately plead infringement by ZTX because it alleges conduct by "Defendants" or "ZTE" collectively.[6]

---

[5] ZTX suggests that the Court should take judicial notice of the Shan declaration, *see* Mot. at 6 n.3. But the claims in the Shan declaration—a document created by an interested party for litigation purposes—cannot be judicially noticed. *See Scanlan*, 343 F.3d at 537 (noting that a judicially noticed fact must be not subject to reasonable dispute in that it is generally known within the jurisdiction of the trial court, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Nor does the Shan declaration satisfy any other exception to the rule against considering out-of-pleading documents, because it is not "referred to in the plaintiff's complaint and [is not] central to [the plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

[6] ZTX also includes a paragraph that appears to be arguing that courts should not find venue proper for a subsidiary entity based on the location or residence of its parent. *See* Mot. at 6. It is not clear what this has to do with either ZTX's Rule 12(b)(6) motion or its Rule 12(b)(3) improper venue motion. American Patents is not asserting that venue is proper as to ZTX on the

ZTX's reliance on this unpublished, out-of-district case is misplaced. First, American Patents' complaint contains detailed allegations going well beyond the standard this Court has held to meet the pleading requirement for direct infringement. In *Dynocom Industries v. Mainline Automotive Equipment Pty. Ltd.*, No. 2:16-cv-553, 2017 WL 1109893, at *2 (E.D. Tex. Feb. 14, 2017), *rpt. & rec. adopted*, 2017 WL 1065133, the Court held that a complaint met the pleading requirement when it: (a) alleged a specific product infringes a specific claim; (b) alleged the product meets all the elements of a specific claim; and (c) incorporated by reference a website illustrating the accused product. Here, the complaint alleges as to each patent that:

- a) specific products infringe specific claims, *see, e.g.*, Dkt. 1 ¶¶ 33-34;
- b) the accused products meet each element of specific claims, *see, e.g.*, *id.* ¶¶ 35-41;
- c) incorporates by reference websites illustrating the accused products, *see, e.g.*, *id.* ¶¶ 33, 40;
- d) included screenshots to help identify the accused products involved in ZTX's infringement, *see, e.g.*, *id.* ¶¶ 33, 40; and
- e) identified features of the accused products involved in ZTX's infringement, *see, e.g*, *id.* ¶¶ 33, 35-40.

This more than satisfies what is necessary to adequately plead infringement.

Further, *M2M Solutions* does not help ZTX here. In *M2M Solutions*, the plaintiff asserted that a foreign parent and U.S. subsidiary infringed its patent; however, the plaintiff asserted liability of the foreign parent based solely on the parent-subsidiary relationship—the parent company itself did not engage in infringing activities. Here, by contrast, American Patents alleges that **all** defendants are engaged in infringing conduct, and that each defendant is responsible for its own infringement. Unlike in *M2M Solutions*, the complaint's allegations here

---

basis of its status as a subsidiary of any other entity. Venue is proper in this district because ZTX itself resides here. *See supra* Part I.

mean just what they say—*i.e.*, that Defendants (defined in the complaint collectively as ZTE Corporation, ZTE (USA), and ZTE (TX), *see* Dkt. 1 at introductory paragraph) have **each** infringed the asserted patents by making, using, selling, and/or offering to sell the accused products. *E.g.*, Dkt. 1 at ¶ 47. Here, unlike in *M2M Solutions*, it is clear that every allegation is directed to every defendant. *See Acantha LLC v. Depuy Synthes Sales, Inc.*, No. 15-cv-1257, 2016 WL 8201781, at *2 (E.D. Wis. July 28, 2016) (distinguishing *M2M Solutions* on this ground); *see also MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 655 (S.D. Miss. 2013) (rejecting argument that "lump[ing] all the Defendants and accused gaming machines together" did not provide sufficient notice and instead finding that, by identifying specific products rather than generalized description, pleadings had exceeded Form 18 standard). Because the allegations in the complaint go far beyond the requirement to plead a claim for infringement, the Court should deny ZTX's Rule 12(b)(6) motion.

## III. CONCLUSION

For the foregoing reasons, the Court should deny ZTX's motions to dismiss for improper venue and for failure to state a claim. In the event the Court finds the complaint deficient in any way, American Patents respectfully requests leave to amend the complaint.

Dated: November 5, 2018                     Respectfully submitted,

/s/ *Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney

9

Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
The People's Petroleum Building
102 North College Avenue, 13th Floor
Tyler, Texas 75702
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                      */s/ Larry D. Thompson, Jr.*
                                      Larry D. Thompson, Jr.