**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| AMERICAN PATENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:18-cv-675-ALM |
| ) | |
| ZTE CORPORATION, ZTE (TX), INC., and ) | |
| ZTE (USA) INC. ) | |
| ) | |
| Defendants. ) | |

**SPECIAL LIMITED APPEARANCE OF DEFENDANT ZTE CORPORATION, AND, SUBJECT THERETO, MOTION TO SET ASIDE CLERK'S DEFAULT AND MOTION TO DISMISS PURSUANT TO FRCP 12**

ZTE Corporation named as a defendant herein ("ZTE Corp.") files this its Special Limited Appearance and, Subject Thereto, Motion to Dismiss for Insufficient Service of Process pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(5), and in the alternative, to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted pursuant to FRCP 12(b)(6), and in support thereof would respectfully show the Court the following:

**I.     SPECIAL LIMITED APPEARANCE**

ZTE Corp. specially appears in this action for the sole purpose of setting aside the Clerk's Entry of Default and filing this Motion, and does not hereby waive its defenses of improper service of process.

**II.    PRELIMINARY STATEMENT**

The Clerk's Entry of Default should be set aside because it was based on the erroneous premise that ZTE Corp. was properly served with process. As explained below, it was not, and ZTE Corp. should be dismissed for improper service of process pursuant to FRCP 12(b)(5).

Alternatively, ZTE Corp. should be dismissed pursuant to FRCP 12(b)(6) because the Complaint fails to state a claim upon which relief may be granted. The Complaint makes numerous allegations against "ZTE", which is defined collectively as ZTE Corp., ZTE (TX),

Inc., and ZTE (USA), Inc. By pleading in this manner, AP has not identified the alleged acts have been committed by ZTE Corp., thereby failing to adequately plead a claim against ZTE Corp.

### III. STATEMENT OF FACTS

On September 24, 2018, American Patents LLC ("AP") filed a complaint for patent infringement against ZTE Corp., ZTE (TX), Inc. "(ZTE TX"), and ZTE (USA) Inc. ("ZTE USA"). (Dkt. No. 1.) AP alleges infringement of seven patents: U.S. Patent Nos. 7,088,782, 7,310,304, 7,706,458, 7,373,655, 7,934,090, 6,004,049, and 6,301,626 (collectively, "the patents-in-suit"). AP alleges that these patents have been infringed by the Axon family of products. (*See*, *e.g.*, Dkt. No. 1 at ¶¶ 33, 47, 59, 71, 83, 94, 110.) From the very first paragraph of the Complaint, AP obscures its allegations by defining ZTE Corp., ZTE TX, and ZTE USA collectively as "ZTE," rather than attempting to analyze and plead the issues with respect to each accused defendant. The only attempt AP makes at pleading allegations specific to ZTE Corp. is the bald assertions that personal jurisdiction and venue exist without any supporting factual allegations. (*See id.* at ¶¶ 18, 25.) Through the remainder of the allegations in the complaint, AP merely refers to "ZTE," presumably because they have no basis to make allegations specifically against ZTE Corp.

On September 28, 2018, Judge Gilstrap dismissed a patent case against ZTE USA for improper venue, and transferred it to the Northern District of Texas. *See, e.g., Fractus, S.A. v. ZTE Corporation et al.,* Case No. 2:17-cv-561-JRG. (Dkt. No. 104). Two business days later, AP voluntarily dismissed ZTE USA without prejudice, in a transparent maneuver to try and maintain this suit against ZTE Corp. in this forum. (Dkt. No. 12.) However, AP has not sufficiently plead facts upon which a claim may be maintained against ZTE Corp.

### A.    ZTE Corporation

ZTE Corp. is a Chinese corporation with its principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong 518057. Yi Hu Decl., ¶¶ 6-7 (filed herewith as Ex. A). ZTE Corp. is not registered to do business in the United States. *Id.* at ¶ 8. ZTE Corp. has no operational activity in the United States—it does not manufacture, market, or sell any of the Accused Products in Texas or anywhere else in the United States. *Id.* at ¶¶ 13-14. Rather, ZTE Corp. manufactures products in China and then transfers title of the products to ZTE USA in Hong Kong. *Id.* at ¶ 15. ZTE USA then imports the products into the United States. *Id.* at ¶ 16. ZTE Corp. does not have any offices, manufacturing plants, mailing addresses, or telephone listings in the United States. *Id.* at ¶ 9. ZTE Corp. does not own or lease any property in this country. *Id.* at ¶ 10. Moreover, ZTE Corp. does not pay any sales, property or other taxes in the United States. *Id.* at ¶ 12.

### B.    ZTE TX

ZTE TX is a wholly owned subsidiary of ZTE Hong Kong Ltd., which in turn is a wholly owned subsidiary of ZTE Corp. Chao Shan Decl. ¶ 3 (filed herewith as Ex. B). ZTE TX conducts research and development activities and provides technical marketing support for ZTE Corp. *Id.* at ¶ 4. ZTE TX does not make, sell, offer to sell, import or use any products in this District, other than as an end-user of consumer wireless equipment. *Id.* at ¶¶ 9-12.

## IV.    ARGUMENT

### A.    Quashing Service and Setting Aside Clerk's Default

ZTE Corp. respectfully requests that the Court set aside the Clerk's Default entered against it. (Dkt. No. 22.) Setting aside the default and dismissing ZTE Corp. are both warranted because service was not properly obtained against ZTE Corp.

### 1.     ZTE Corp. Was Not Properly Served

ZTE Corp. has not been properly served. Proper service of process is required before a federal court may exercise personal jurisdiction over the defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). In its Request for Clerk's Entry of Default, AP relies on the Declaration of C. Ryan Pinckney for proof of service. (*See* Dkt. No. 21.) In his Declaration, Mr. Pinckney states that ZTE Corp. was served through service on the Texas Secretary of State. (*See* Dkt. No. 21-1 at ¶¶ 5-6.) Service through the Texas Secretary of State does not constitute proper service on ZTE Corp.

FRCP 4(h) provides that, if not being served within the United States, a foreign corporation must be served in any manner prescribed by Rule 4(f), except for personal delivery, unless waiver of service has been obtained. FED. R. CIV. P. 4(h); *see also Proton Elec. Indus. Co. v. Prosonic Grp. Corp.*, Case No. CV 07-00739-RGK, 2008 US. Dist. Lexis 126610, at *1 (C.D. Cal. Apr. 4, 2008). Rule 4(f) allows for service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means . . . by a method that is reasonably calculated to give notice:
>     (a) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>     (b) as the foreign authority directs in response to a letter rogatory or letter of request; or
>     (c) unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement as the court orders.

Nothing in Rule 4(h) or 4(f) permits service of a foreign corporation via service on the Texas Secretary of State. *See*, *e.g.*, *Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, Case No. 6:16-CV-1384-RWS-KNM, 2018 U.S. Dist. Lexis 48349 at *3-4, *6-18 (E.D. Tex. Feb. 20, 2018)

(examining services on a foreign corporation and recommending to grant motion to quash service because of improper service); *Fujitsu, Ltd. v. Belkin Int'l, Inc., et al.*, 782 F. Supp. 2d 868, 874-78 (N.D. Cal. 2011) (discussing types of service of Taiwanese corporate entity and finding personal service on Taiwanese corporation was not proper). Nor did AP seek permission from this Court to pursue an alternative means of service for ZTE Corp. under Rule 4(f)(3).

China is a signatory to the Hague Convention. Where the Hague Convention applies, service may be made pursuant to either FRCP 4(f)(1) or FRCP 4(f)(3). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); FRCP 4 Advisory Committee's Note to 1993 Amendment ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service."). As AP did not even attempt to obtain proper service under the Hague Convention or any other provision of Rules 4(h) or 4(f), ZTE Corp. respectfully requests this Court to quash service of the Summons and dismiss the Complaint against ZTE Corp. pursuant to FRCP 12(b)(5).

### 2. The Clerk's Default Should Be Set Aside

Default judgments are generally disfavored and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000) (internal quotations omitted); *Wingard v. Toyota*, Case No. 5:14cv67, 2014 WL 11621680, at *1 (E.D. Tex. 2014). As entry of a default judgment is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded, it is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "Any doubt should . . . be resolved in favor of [the defendant] to the end of securing a trial upon the merits." *Jenkins & Gilchrist v. Gloria & Co.*, 542 F.3d 114, 123 (5th Cir. 2008).

A district court may set aside an entry of default or a default of judgment for "good cause." *Lacy*, 227 F.3d at 291-92; Fed. R. Civ. P. 55(c). Courts generally look to three factors, which largely overlap the factors considered to issue a default judgment, to determine whether good cause exists to set aside default judgment: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Id.* (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). These factors are not exclusive, nor does the court need to consider all of the factors; instead they are to be regarded simply as a means to identify good cause. *Id.*

Each of these factors weighs in favor of setting aside the Clerk's Default. First, ZTE Corp. did not willfully fail to answer. Rather, as described above, ZTE Corp. was never properly served. Further, the method of service chosen by AP did not provide fair notice of the claims or a reasonable time to answer or otherwise plead. AP represents that it served the Texas Secretary of State with a summons for ZTE Corp. on September 27, 2018, thereby requiring ZTE Corp. to respond to the complaint by October 18, 2018. (*See* Dkt. No. 21-1 at ¶¶ 5, 7.) The Secretary of State forwarded a copy of the summons and original complaint to ZTE Corp. in Shenzhen, China on October 2, 2018, by registered mail, return receipt requested, but did not receive the return receipt until October 20, 2018 – two days after AP represents that ZTE Corp. was required to respond to the complaint. (*See* Dkt. No. 21-2.) Yet, AP maintains that ZTE Corp. is in default for not responding to the complaint before the Secretary of State even received the return receipt. AP clearly jumped the gun by rushing to this Court with a notice of default. AP's method of service is not only unauthorized under FRCP 4, it is calculated to provide ZTE Corp. far less time to respond to a complaint than the 21 days required by FRCP 12(a). The purpose of Rule 4 is to provide proper notice by proper means – not to try and gain advantage through procedural gamesmanship.

Second, setting aside the default does not prejudice AP. This case is in its infancy and a Docket Control Order has not yet been entered. Furthermore, as presently advised, AP does not practice the patents-in-suit, which makes injunctive relief extremely unlikely; rather this is a case for damages. AP cannot show prejudice if the default is set aside and AP is required to prove its case on the merits. Conversely, failing to set aside the default would prejudice ZTE Corp. by depriving it of proper service, fair notice, and the opportunity to defend AP's claims on the merits. As shown below, AP has failed to state a claim against ZTE Corp. upon which relief may be granted. If the Court were to rule against ZTE Corp. on this issue, ZTE Corp. anticipates raising additional defenses of invalidity and non-infringement if the Court determines it is required to answer.

### B.  Plaintiff Fails to State a Valid Claim

Plaintiff fails to distinguish between the actions of ZTE Corp., ZTE TX and ZTE USA, or allege or plead facts sufficient to pierce the corporate veil between them. ZTE Corp. has no operational activity in the United States. Consequently, Plaintiff fails to allege or plead facts sufficient to prove infringement by ZTE Corp., and the Complaint should be dismissed, in the alternative, for failure to state a claim.

#### 1.  ZTE Corp. Does Not Perform the Acts Complained Of

ZTE Corp. is a Chinese corporation with its principal place of business at ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong 518057. Hu Decl., ¶¶ 6-7. ZTE Corp. is not registered to do business in the United States. *Id.* at ¶ 8. ZTE Corp. has no operational activity in the United States—it does not manufacture, market, or sell any of the Accused Products in Texas or anywhere else in the United States. *Id.* at ¶¶ 13-14. Rather, ZTE Corp. manufactures products in China and then transfers title of the products to ZTE USA in Hong Kong. *Id.* at ¶ 15. ZTE USA then imports the products into the United

States. *Id.* at ¶ 16. Notably, ZTE Corp. recites these facts, not to ask the Court to rule on the merits of the allegations in the Complaint, but to provide additional context as to how the complaint does not sufficiently allege facts that support a claim against ZTE Corp. due to its blurring of ZTE Corp., ZTE USA and ZTE TX.

## 2. The Complaint Fails to Allege Infringement By ZTE Corp.

To state a claim for relief pursuant to FFRCP 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] Although detailed factual allegations are not required, "to survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining the plausibility of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 678.

Rather than alleging or pleading facts sufficient to prove that ZTE Corp. made, used, sold, offered to sell, and/or imported into the United States any of the devices identified in the Complaint, Plaintiff merely lumps ZTE Corp. in with other defendants under the label "ZTE" and recites conclusory statements which are untrue as to all of the defendants. (*See, e.g.,* Dkt. No. 1 at ¶ 17 ("ZTE makes, uses, sells, and/or offers to sell products in this judicial district that are accused of infringement in this Complaint.")); compare, Hu Decl. ¶¶ 13-14 (ZTX does not

---

[1] While Form 18 of Fed. R. Civ. P. 84 previously governed pleading requirements for allegations of direct infringement, this rule was abrogated on Dec. 1, 2015. *See Ruby Sands LLC v. Am. Nat'l Bank of Texas, et al.*, No. 2:15-cv-1955, 2016 U.S. Dist. Lexis 83897, at *8 (E.D. Tex. June 28, 2016) (stating that "[f]orm 18 no longer provides a safe harbor for direct infringement claims.")

sell, market or manufacture any of the Accused Products in the United States).

### 3. **Plaintiff Fails to Plead or Allege Facts with Sufficient Specificity as to ZTE Corp.**

The Federal Circuit has explained that: "Our precedent requires that a complaint place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citation omitted). In that case, the Court found that the allegations in the complaint were sufficient because they "identified where the alleged infringement occurred (the Forest River plant); when it occurred (in or around June 2013); **who performed the allegedly infringing act (an agent or employee of [defendant];** and why . . . . *Id.* (Emphasis added.)

The present complaint fails to meet this standard inasmuch as it does not identify what, if anything, that ZTE Corp. did that provides a basis for allegations of direct, indirect or contributory infringement. Instead, the complaint deliberately tries to obscure "who performed the allegedly infringing act[s]" by collectively referring to ZTE Corp. ZTE TX and ZTE USA as "ZTE." A complaint cannot lump defendants together in addressing infringement claims and must identify which particular defendant or defendants are responsible for which allegedly infringing products, processes or methods. *See M2M Solutions LLC v. Telit Communs. PLC*, 2015 U.S. Dist. Lexis 102349 at *6 (D. Del. Aug. 5, 2015) (finding that complaint pleading direct infringement failed to satisfy requirements of Form 18.)

The allegations regarding indirect infringement include additional defects. "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus.*, 869 F.3d at 1379 (internal citation omitted). The present complaint make no allegation that ZTE

Corp. specifically intended anyone to infringe. Paragraph 125 states "ZTE has also induced its affiliates . . . to directly infringe . . . ." (Dkt. No. 1 at ¶ 125.) Which ZTE entity is allegedly inducing which affiliate? Is ZTE Corp. the alleged inducer or the affiliate alleged to directly infringe? Paragraph 125 goes on to state that "ZTE performed these steps, which constitute knowledge of [the patents-in-suit] . . . . ." *Id.* Which ZTE entity allegedly knew of the patents and of another unnamed party's alleged direct infringement? The complaint should be dismissed for failing to make these essential allegations. *See M2M Solutions,* 2015 U.S. Dist. Lexis 102349 at *13 (by referring to both defendants under one single term, plaintiff did not plead a plausible inducement claim against the foreign parent company).

The allegations regarding contributory infringement also are insufficient. 35 U.S.C. § 271(c) limits contributory infringement to "[w]hoever offers to sell or sell within the United States or imports into the United States **a component of a patented machine** . . . ." Paragraph 126, the only paragraph that attempts to plead a claim for contributory infringement, does not identify any such component. It makes the vague allegation that the accused products have "special features" but fails to allege who supplied which components that continue any such special feature into the U.S. *See M2M Solutions,* 2015 U.S. Dist. Lexis 102349 at *13 (contributory infringement claim insufficient because allegations directed to defendants collectively).

Finally, the insufficiency of AP's opaque pleading is exacerbated by the dismissal of ZTE USA, which makes it more important for ZTE Corp. and the Court to know whether a defendant remaining in this case or a third party is the alleged direct infringer, or the alleged indirect or contributory infringer. Plaintiff's complaint fails to set forth sufficient factual matter to "state a claim to relief that is plausible on its face" and to put ZTE Corp. on notice of what they have to defend against. *Twombly*, 550 U.S. at 570; *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d

10

797, 804-805 (E.D. Va. 2014). As a result, Plaintiff's infringement allegations against ZTE Corp. must be dismissed for failure to state a claim against ZTE Corp.

## V. CONCLUSION

For the foregoing reasons, this Court should set aside the Clerk's Default against ZTE Corp., quash AP's attempted service on ZTE Corp., and dismiss the Complaint, pursuant to Rule 12(b)(2)(5) or (6) of the Federal Rules of Civil Procedure, against Defendant ZTE Corp.

Dated: November 7, 2018

Respectfully submitted,

 /s/ Keana T. Taylor
Everett Upshaw
Texas Bar No. 24025690
everettupshaw@upshawpllc.com
Keana T. Taylor
Texas Bar No. 24042013
keanataylor@upshawpllc.com
**UPSHAW PLLC**
1204 Gano Street
Dallas, Texas 75215
P: (972) 920-8000
F: (972) 920-8001

Jim Sobieraj
Illinois Bar No. 6183779
jsobieraj@brinksgilson.com
**BRINKS GILSON & LIONE**
455 N. Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois 60611-5599
Phone: (312) 321-4200
Fax: (312) 321-4299

**ATTORNEYS FOR DEFENDANT
ZTE CORP.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that today, November 7, 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                        /s/ *Keana T. Taylor*
                                        Keana T. Taylor