UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **American Patents LLC** <br><br>         **Plaintiff,** <br><br> v. <br><br> **ZTE Corp., and** <br> **ZTE (TX) Inc.** <br><br><br><br>         **Defendants.** | Case No. 4:18-cv-675-ALM |

### ZTE (TX) INC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

ZTE (TX), Inc.'s ("ZTX") Motion to Dismiss (Dkt. 19) should be granted because ZTX does not reside in the Eastern District of Texas, and Plaintiff's Complaint (Dkt. 1) fails to make sufficient factual allegations as to ZTX.

**I.      ZTX Resides in the Western District of Texas**

Patent infringement cases may be brought only "in the judicial district where the defendant *resides* . . ." 28 U.S.C. §1400(b) (emphasis added). In *Fourco*, the Supreme Court held that "the words 'inhabitant' and 'residence' are synonymous" in the context of venue. *In re BigCommerce Inc.*, 890 F.3d 978, 984 (Fed. Cir. 2018). "While it is true that the Court did not expressly spell out the standard for 'inhabitant' in its decision, we are not free to ignore the clear import of its view on the issue:  a corporation incorporated in a multi-district state is not a resident of every district in the state." *Id.* "[I]f the corporation be created by the laws of a State in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business. . . is done." *Id.* at 983-984 (citing *Galveston v. Gonzales*, 151 U.S. 496, 504 (1894)).

Here, Texas has multiple judicial districts, and ZTX is a corporate defendant. ZTX's *only offices*—and thus its general offices—in Texas are in Austin. *Shan Aff.* ¶14. For the same reason, its *only business*—and thus its general business—done in Texas is done in Austin. ZTX is thus an inhabitant of the Western District of Texas and resides only there for patent venue purposes.

## II. Plaintiff's Argument Misreads Both *BigCommerce* and *Hertz*

Despite the uncontested facts that ZTX's principal place of business in Texas is in the Western District and that ZTX has no place of business in the Eastern District, Plaintiff nonetheless argues that the Court should find that ZTX "resides" in the Eastern District. Plaintiff attempts to advance this argument through rhetorical sleight of hand: misreading *BigCommerce* to import irrelevant definitions from *Hertz Corp. v. Friend,* 599 U.S. 77 (2010), concerning an unrelated statute, and then misreading *Hertz* to proffer an improperly restrictive definition of "principal place of business." However, this interpretation of *BigCommerce* would put it in conflict with the Supreme Court precedents that *BigCommerce* relies upon, namely *Galveston* and *Fourco Glass Co. v. Transmirra Prods. Corp.,* 353 U.S. 222 (1957)..

The first fault in Plaintiff's argument is that it ignores the actual the holding in *BigCommerce*. The Court held in *BigCommerce*:

> "we hold that for purposes of determining venue under §1400(b) in a state having multiple judicial districts, a corporate defendant shall be considered to 'reside' only in **the single judicial district within that state** where it maintains **a** principal place of business, or, failing that, the judicial district in which its registered office is located.

*BigCommerce*, 890 F.3d at 986 (Emphasis added.) Note that the Federal Circuit did not say "its" principal place of business, and imply that there could only be one principal place of business in

the U.S. for venue in a multi-district state. Rather, the Court used the term "a" principal place of business in conjunction with "the single judicial district within the state."

And just prior to its holding, the Federal Circuit explained: "In the absence of **an** actual principal place of business as noted above, the public is entitled to rely on the designation of the registered office, as set forth in publicly available corporate filings, as the place where the corporation resides." *Id.* (Emphasis added.) Again, the Court did not say "its" actual principal place of business Rather, the clear implication of the holding and the Court's explanation is that if there is **a** principal place of business in one district in the state, that is where the domestic corporation resides for purposes of venue, and there is no need to then look to the corporation's registered office. This reading of *BigCommerce* is consistent with *Galveston*, where the corporate defendant had office in both W.D. Texas and E.D. Texas, and the Supreme Court found venue proper in E.D. Texas because the offices there were the principal place of defendant's business.

On the other hand, plaintiff's cramped reading of *BigCommerce* leads to absurd results. For example, a Texas corporation could own thousands of square feet of offices and other facilities in Austin that employ over 10,000 people, a corporate headquarters with less than 100 executives, managers and administrative staff in California, and a registered agent in Plano. Under plaintiff's position, this large Texas corporation "resides" under the patent venue statute only in E.D. Texas where it has only a mail drop for its registered agent, and does not reside in WD Texas where it owns extensive offices and employs over 10,000 people. While ZTX does not have thousands of employees in W.D. Texas, it still defies common sense to say ZTX resides in E.D. Texas where is has only a mail drop. Surely, the Federal Circuit did not intend that its *BigCommerce* decision would be misconstrued to lead to such an unreasonable result.

3

But, as the Court announced in the next sentence, "Here, it is uncontested that BigCommerce maintains both its principal place of business and its registered office in Austin, Texas within the Western District of Texas.  Big Commerce has no corporate connection at all with the Eastern District."  *Id.*  Based on the precedent of *BigCommerce*, ZTX resides in Austin because that is its only place of business in Texas and only, failing that, would the court look to whether it has a registered office in Texas.  For purposes of deciding venue, because ZTX does not fail to have a place of business in Texas, it is irrelevant where its registered office is located.  All that concerned the Court in *BigCommerce* was that the Defendant's place of business was located in the Western District, and not in the Eastern District—just like ZTX in this case.

The second fault in Plaintiff's argument is that it misreads the *Hertz* case to imply, as a universal definitional matter, that a corporation may have only one "principal place of business" nationwide.  *Hertz* concerns diversity jurisdiction and the meaning of "principal place of business" for diversity purposes, not patent venue.  *Hertz,* 80 ("The federal diversity jurisdiction statute provides . . .")  Thus, *Hertz* generally is not relevant to this case or the question of which district a corporation "resides" in, within its State of incorporation.

But, even if *Hertz* were applicable, Plaintiff's brief quotes *Hertz* out of context and misreads it.  The controversy in *Hertz* was over whether the sum of a defendant's activity across an entire State was a "place" for the purpose of establishing a principal place of business (*e.g.*, the "all corporate activities" test), or whether a principal place of business referred to a particular property (*e.g.*, the "nerve center" test).  *Id..* at 77.  *Hertz* did not deal with the question of whether the concept of "**a** principal place of business" could apply to multiple nerve centers in

different contexts (*e.g.*, a principal place of business for California and a separate one for Texas) for the purpose of determining residency within the state where a company is incorporated.[1]

Supreme Court precedent on this issue, however, is well settled. In fact, the seminal Supreme Court case cited in *BigCommerce* dealt with the exact question at issue in this case, namely how to determine the residency of a party in a multi-district state.  "[I]f the corporation be created by the laws of a State in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business. . . is done." *Galveston*, 151 U.S. at 504.  Under this binding precedent, ZTX is a resident of the Western District of Texas, and this case should be dismissed against ZTX.

### III.  Plaintiff Fails to Sufficiently Plead Infringement Against ZTX

Plaintiff's Complaint is fatally defective because it fails to put ZTX on notice of the specific factual allegations it must defend itself against, and simultaneously fails to plead facts sufficient to hold ZTX accountable for the actions of other defendant(s).  Specifically, is ZTX—a research and development entity—accused of "making," "using," "selling," or "offering for sale"? Or some specific combination thereof?  It is impossible to tell from the Complaint. Plaintiff's Opposition brief (Dkt. 23) fails to address the central issue of ZTX's Motion (Dkt. 19)—that ZTX is not put on notice of the acts of which *it*, as opposed to the other ZTE defendants, is specifically is accused.

Rather than address this central point of ZTX's Motion, Plaintiff's Opposition discusses *Dynocom,* for the proposition that a multi-defendant Complaint has no greater requirement than the single-defendant Form 18 standard.  Plaintiff's reliance is misplaced.  The question in *Dynocom* was whether the Federal Circuit decision of *Lyda v. CBS* compelled additional factual

---

[1] Notably, the federal diversity statute at issue in *Hertz* uses the language "**its** principal place of business", clearly implying there is only one such phase.  In contrast, *BigCommerce's* holding uses the language "**a** principal place of business", which implies there can be more than one.

allegations as to how the patent claims themselves read onto the product(s) at issue. ZTX's Motion does not challenge the level of detail in Plaintiff's Complaint concerning accused products, rather ZTX's Motion disputes the level of detail in the Complaint concerning the specific acts of which ZTX, rather than the other ZTE entities, is accused.

The defect in Plaintiff's Complaint is not that its allegations as to the limitations of the patents-in-suit are insufficient, rather is that its allegations as to ZTX are merely "labels and conclusions," and "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Plaintiff alleges repeatedly that "ZTE" (a label that fails to specify a specific entity) has "made, used, sold, offered for sale, and/or imported" allegedly infringing devices. *See, e.g.*, *Compl.* ¶8. But of what, specifically, is **ZTX** accused? A list of six possibilities, offered in the alternative, is insufficient to put ZTX on notice of what acts it is accused of when lumped in with other defendants.

Plaintiff's Opposition seems to suggest that "it is clear that every allegation is directed to every defendant." Dkt. 23, p. 9. On the contrary, that is not clear at all.

In its Opposition, Plaintiff asserts that the ZTX Shan Declaration supports Plaintiff's infringement allegations by stating that ZTX uses ZTE branded phones as an end-user. *See* Dkt. 23 at 8. This citation is insufficient to save Plaintiff's Complaint. First, because the Complaint does not allege that ZTX is an end-user of ZTE branded phones – it alleged that ZTX "made, used, sold, offered for sale, and/or imported" the devices accused in the complaint. Second, this general statement in the Shan Declaration does not distinguish between the actions of ZTX itself versus the actions of other ZTE entities or individual ZTX employees.

Plaintiff's tactical refusal to amend its Complaint in response to ZTE's motion is telling. Plaintiff's attorneys, who appear to have sued ZTE (USA) Inc. and/or related entities at least eight

times—and presumably took discovery each time—should know that ZTX has no factory to "make" devices. If, in fact, Plaintiff had a good faith belief that ZTX was, for example, "making" the accused products, it could easily have simply amended the Complaint and addressed the problem by making the accusation explicit as to ZTX.

ZTX urges the Court not to countenance Plaintiff's attempt to hide unsupportable allegations behind vague labels and formulaic recitations of infringement and, accordingly, requests that the Court dismiss this Plaintiff's Complaint.

### IV.     Conclusion:  Plaintiff's Complaint Must Be Dismissed

For the reasons discussed herein, and in its Motion, ZTX requests that this Court dismiss this case under Fed. R. Civ. P. 12(b)(3) and 12(b)(6).

13 Nov. 2018                                         Respectfully Submitted,

                                                     /s/ Erik Dykema
                                                     Everett Upshaw
                                                     State Bar of Texas No. 24025690
                                                     everettupshaw@upshawpllc.com
                                                     Keana T. Taylor
                                                     State Bar of Texas No. 24042013
                                                     keanataylor@upshawpllc.com
                                                     Erik Dykema
                                                     New York Bar No. 4882460
                                                     erikdykema@upshawpllc.com
                                                     Craig Uhrich
                                                     State Bar of Texas No. 24033284
                                                     craiguhrich@upshawpllc.com
                                                     UPSHAW PLLC
                                                     1204 Gano Street
                                                     Dallas, TX 75215
                                                     P: (972) 920-8000
                                                     F: (972) 920-8001

                                                     **COUNSEL FOR DEFENDANT
                                                     ZTE (TX) INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on 13 November 2018.

/s/ Erik Dykema
Erik Dykema