### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 4:18-cv-675-ALM |
| ZTE CORP., ZTE (TX) INC., AND ZTE (USA) INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

### AMERICAN PATENTS' SUR-REPLY IN OPPOSITION TO ZTE (TX) INC.'S MOTION TO DISMISS FOR LACK OF VENUE AND FAILURE TO STATE A CLAIM

## I.     INTRODUCTION

ZTX's reply shows that it continues to ignore *BigCommerce*'s clear two-part test for patent venue in multidistrict states.  As American Patents quoted in the opening paragraph of its opposition, *BigCommerce* expressly held that "[i]f the corporation does not maintain **its** principal place of business within the state in which it is incorporated," then it "reside[s] in the district in which its registered office, as recorded in its corporate filings, is located." *In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018) (emph. added).  Applying this rule here is simple.  ZTX admits that its principal place of business (its headquarters, or "nerve center") is in Milpitas, California, rather than in its state of incorporation of Texas.  So the default district in which ZTX resides in Texas is the one containing Plano—i.e., the Eastern District of Texas—where ZTX itself chose to place its registered office and agent.

Despite this, ZTX maintains that the first part of the *BigCommerce* test only looks to whether the defendant corporation has any place of business at all in its state of incorporation; if so, the corporation resides at whatever place of business in that state is "principal."  ZTX rests this argument solely on isolated passages from *BigCommerce* that precede the phrase "principal place of business" with the word "a," rather than with the word "its."  ZTX claims that by using "a" to modify "principal place of business" rather than "its," *BigCommerce*'s venue test is somehow referencing the defendant's principal place of business **within its state of incorporation**—not the well-established concept of an overall company headquarters or "nerve center" that is usually meant by the phrase "principal place of business."  ZTX goes so far as to denigrate American Patents' arguments to the contrary as "rhetorical sleight of hand."

But if "rhetorical slight of hand" is at play, it is not being done by American Patents.  ZTX's reply refuses to even acknowledge (much less address) the repeated use of the phrase "**its** principal place of business" by *BigCommerce* in stating the first part of its residency test. (That's because ZTX's position cannot be squared with that language.) Nor does ZTX identify any example, from any area of federal civil procedure, where the answer to any question depends on determining the location or existence of a party's principal place of business within a single state

only. (That's because no such concept exists.)  ZTX's proposed rewrite of the *BigCommerce* test would add unnecessary confusion and complexity to the simple, historically grounded test actually set forth in that case.

As to its Rule 12(b)(6) motion, ZTX now concedes that it does not challenge the level of detail in American Patents' complaint—only that the complaint does not sufficiently state which accusations are against ZTX (as opposed to other ZTE affiliates).  American Patents addressed this in its opposition, and ZTX entirely fails to adequately respond.  All ZTX does is to point yet again to the Shan Declaration.  But that argument must fail; extrinsic facts from the movant's own declaration are irrelevant to whether a complaint adequately states a claim.

## II.     VENUE IS PROPER IN THE EASTERN DISTRICT OF TEXAS

### A.      There Is No Precedent for ZTX's Claim That a Corporation May Have Multiple Principal Places of Business

ZTX's motion rests on the argument that it can have multiple principal places of business ("e.g., a principal place of business for California and a separate one for Texas").  Reply, at 5. This argument ignores Supreme Court precedent holding that a corporation's principal place of business is a single place.  Neither *Hertz*, nor *Galveston*, nor any other case cited by ZTX recognizes the concept of a ***general*** principal place of business of a corporation as a whole, and a separate ***local*** principal place of business of a corporation for a particular state.

In *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), the Court explained that "[t]he word 'place' is in the singular, not the plural."  The Court continued, "[t]he word 'principal' requires us to pick out the 'main, prominent' or 'leading' place."  *Id*.  ZTX attempts to dismiss *Hertz* by arguing that the case was about diversity jurisdiction rather than venue.  Reply, at 4.  But *Hertz*'s reasoning relies on the dictionary definitions of "place" and "principal," which apply with equal force to "principal place of business" as used in *BigCommerce*.  *See Hertz*, 559 U.S. at 93.  And *BigCommerce* itself relies on *Hertz*'s interpretation of "principal place of business" in analyzing section 1400(b).  *In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018) ("[T]he Supreme Court has held that a corporation's principal place of business, for diversity jurisdiction

2

purposes, is its nerve center.")  This place—the principal place of business, or "nerve center"—is one, single place.  *Hertz*, 559 U.S. at 93 ("A corporation's 'nerve center,' usually its main headquarters, is a single place.").

Further, the Supreme Court's decision in *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496 (1894), makes clear that a corporation's principal place of business should be distinguished from a corporation's local principal place of business (e.g., within only a single state).  ZTX again attempts to sidestep this precedent by omitting a crucial part of the *Galveston* holding each time that it quotes from that case (Reply at 1, 5):  "[I]f the corporation be created by the laws of a State in which there are two judicial districts, it should be considered an inhabitant of that district in which its general offices are situated, and in which its general business, *as distinguished from its local business*, is done."  *Id*. at 504 (emphasis added to phrase that ZTE deletes).[1]  The *Galveston* Court contrasts the principal place of business—the "nerve center"— where the general business is done, with a local place of business that may be closer to where the dispute arises.  This understanding of *Galveston* is confirmed in *BigCommerce*, which characterizes *Galveston* as "holding that corporate inhabitance is determined '*by the principal offices of the corporation*, where its books are kept and its corporate business is transacted.'"  *BigCommerce*, 890 F.3d at 985 (quoting *Galveston*, 151 U.S. at 504) (emph. added).

**B.  ZTX Misapplies *Galveston* and *BigCommerce***

ZTX tries to analogize to the fact that the *Galveston* Court found venue to be proper in the Eastern District of Texas, where the corporation's principal place of business was, over the Western District, where its more local business took place.  Reply, at 3.  An analogy to *Galveston* is apt, but it does not favor ZTX.  Here, ZTX's general offices—its principal place of business—are in Milpitas, California.  Shan Decl. ¶¶ 13, 16, 17.  This must be contrasted with ZTX's local place of business in Austin.  ZTX's single, principal place of business is thus in

---

[1] ZTX's deletion of the emphasized phrase is particularly curious given that *BigCommerce* itself quotes the entire sentence from *Galveston*.  *BigCommerce*, 890 F.3d at 983-84.

California, where the corporation's "general business, as distinguished from its local business, is done." *Galveston*, 151 U.S. at 504.

ZTX's comparison to *BigCommerce* is also incorrect. ZTX notes that in *BigCommerce*, the defendant corporation maintained "both its principal place of business and its registered office in Austin," and therefore venue was proper in the Western District. Reply, at 4. ZTX then states that "based on the precedent of *BigCommerce*, ZTX resides in Austin because that is its only place of business in Texas." *Id*. This argument misses the mark. In *BigCommerce*, the corporation was "headquartered" in Austin. *BigCommerce*, 890 F.3d at 980. Because the corporation maintained its headquarters, or principal place of business, in the Western District, that is where venue was proper. *Id*. at 985-86. The crucial difference here is that ZTX does not maintain its headquarters, or principal place of business, in Austin. This Court must therefore apply the second step from *BigCommerce*—because ZTX does not maintain its principal place of business in Texas, where it is incorporated, then it is deemed to reside in the district where it maintains its registered office: the Eastern District of Texas.

### C.     ZTX Disregards the Clear Text of *BigCommerce*

ZTX disregards the precedent set forth above, and instead focuses on *BigCommerce*'s use of the word "a." Reply, at 2 (citing *BigCommerce*, 890 F.3d at 986). But even this approach ignores the forest for the trees. *BigCommerce* can only be read in the context of its discussion of *Hertz* and *Galveston*, which acknowledges that those cases provide for a *single* principal place of business. *BigCommerce*, 890 F.3d at 985-986 ("The answer depends on whether the corporate defendant maintains a principal place of business in the state . . . This should normally be the place where the corporation maintains its headquarters . . . ."; "In the absence of an actual principal place of business **as noted above**, the public is entitled to rely on the designation of the registered office, as set forth in publicly available corporate filings, as the place where the corporation resides.") (emphasis added).

And ZTX's contention that *BigCommerce* "did not say 'its' principal place of business," reply at 2, in setting forth its test for residency is simply false:

> If the corporation does not maintain *its* principal place of business within the state in which it is incorporated—yet for purposes of venue is considered to be a resident of the state in which it is incorporated, *TC Heartland*, 137 S.Ct. at 1521—then the natural default is to deem it to reside in the district in which its registered office, as recorded in its corporate filings, is located.

*BigCommerce*, 890 F.3d at 985 (citing *Shaw v. Quincy Mining Co.*, 145 U.S. 444, 449 (1892) (emph. added).  The plain reading of this holding is that if the corporation does not maintain "its principal place [single, only] of business" in the state in which it is incorporated, the court then looks to the district where the corporation has its registered office.[2]

In contrast, ZTX reads *BigCommerce* in a way that is untethered from the opinion's text. If ZTX's argument held water, the *BigCommerce* test would have been written something like the following (emphasizing words that would need to be added, and striking words that would need to be deleted): "If the corporation does not maintain *a local* [its] principal place of business *for* [within] the state in which it is incorporated . . . then the natural default is to deem it to reside in the district in which its registered office, as recorded in its corporate filings, is located." That is not remotely what the opinion says.

### D.    ZTX's Reading of *BigCommerce* Would Cause Confusion and Uncertainty

ZTX's interpretation of *BigCommerce* would also lead to confusion, unnecessary complexity, and added litigation.  Determining a company's overall "nerve center"—its principal place of business—is fairly straightforward.  As *Hertz* recognized, "in practice it should normally be the place where the corporation maintains its headquarters." 559 U.S. at 93.  So it is unsurprising that, in this case, ZTX does not dispute that its "nerve center" or general principal place of business is in California.

But what does it mean to have a local principal place of business for a state?  What is a company's "nerve center" within a particular state that does not contain its headquarters?  ZTX presumes that its office in Austin is its local principal place of business for Texas.  But what

---

[2] This reading also makes sense in the context of *Shaw*, which held that "the general object of this act, as appears upon its face, and as has been often declared by this court, is to contract, not to enlarge, the jurisdiction of the circuit courts of the United States." *Shaw*, 145 U.S. at 449.

about the locations and responsibilities of the numerous ZTX employees who work from home in or near Plano?[3]  And what if ZTX maintained multiple public offices in Texas?  There is no case law providing guidance on how to determine which office is the corporation's local principal place of business for a single state, and no reason to think that any one local office in a state will necessarily be expected to serve as a "nerve center" for other offices or personnel in that state. ZTX's position would surely lead to additional litigation over which office is the ***principal*** local office, i.e., the principal place of business for that state.

And that is precisely what would play out in this case under ZTX's proposal.  ZTX declares that because its office is in Austin, its "only business" in Texas is therefore in Austin. Reply, at 2.  There is neither legal nor factual support for this argument.  Again, ZTX cites no case law to support its assumption that its Austin office is its ***local*** principal place of business. Nor is ZTX's assertion that "its only business—and thus its general business—done in Texas is done in Austin" supported by the facts.  *Id*.  ZTX's own witness admits that business is done in the Eastern District; ZTX has fourteen employees in the Eastern District who work remotely from their homes.  Shan Decl. ¶ 14.  ZTX also admits that those employees live near the Sherman division and it would be convenient for them to travel here for trial.  *Id*. ¶ 17.  And though ZTX maintains an office in Austin, ZTX does not state whether it actually has any employees in the Western District.  So it could be argued that ZTX's local principal place of business is actually in the Eastern District of Texas, where its employees work.  Regardless, ZTX's desired rule would no doubt lead to confusion and unnecessary litigation—surely not what the *BigCommerce* court had in mind.

### E.      *BigCommerce* Recognizes that Simple, Bright Line Rules are Preferable

In stark contrast to ZTX's incorrect view, the rule as set forth in *BigCommerce* provides clarity and certainty.  The Supreme Court has explained that "administrative simplicity is a major

---

[3] Such home offices can certainly be places of business for patent venue purposes. *See In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (rejecting challenge to a district court's finding that defendant had a regular and established place of business under section 1400(b) in a district where two of its salesmen worked from home).

virtue in a jurisdictional statute." *Hertz*, 559 U.S. at 94.  In other words, "courts benefit from straightforward rules under which they can readily assure themselves of their power to hear a case." *Hertz*, 559 U.S. at 94.  "Simple jurisdictional rules also promote greater predictability," which is valuable to corporations, parties, and courts alike.  *Id*. at 94-95.  The reality is that if venue is improper "the case must be dismissed or transferred"—so predictability of venue from the outset of a case is at a premium.  *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

The *BigCommerce* court clearly implemented these principles in formulating its test. The standard for determining a corporation's principal place of business, or "nerve center," is simple and predictable.[4]  *See, e.g., Hertz*, 559 U.S. at 92-93.  And if the corporation's principal place of business is not in the state in which it is incorporated, then under *BigCommerce* a court simply looks to where the corporation has a registered agent.  The court reasoned that it is a "universally recognized foundational requirement of corporate formation" to designate a registered office.  *BigCommerce*, 890 F.3d at 985-86.  And the registered office is a place that is easy to determine: it is designated by the corporation and listed in publicly available corporate filings, "as the place where the corporation resides."  *Id*.; *see Ward v. Fairway Operating Co.*, 364 S.W.2d 194, 195 (Tex. 1963) ("[T]he place of its designated registered office and agent shall constitute a statutory place of residence of the corporation where it can always be found.").

---

[4] ZTX offers a hypothetical where it employs 10,000 people in Austin, has a small 100-person headquarters in California, and a registered office in Plano.  Reply, at 3.  This scenario is essentially of no help to the parties or this Court, because ZTX admits it ***does not*** have thousands of employees in Austin.  *Id*.  And, in any event, it is exceedingly unlikely that a massive office with multiple orders of magnitude more employees than the nominal headquarters would not also be the company's "nerve center."  *See Hertz*, 559 U.S. at 97 ("Indeed, if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation.").

### F.        ZTX Resides in the Eastern District of Texas

Applying the *BigCommerce* test is then a straightforward two-part analysis: "If the corporation does not maintain its principal place of business within the state in which it is incorporated . . . then the natural default is to deem it to reside in the district in which its registered office, as recorded in its corporate filings, is located."  *BigCommerce*, 890 F.3d at 985.

#### 1.        *ZTX's Principal Place of Business is in Milpitas, California*

In its reply, ZTX does not dispute that its principal place of business is in Milpitas, California; indeed, ZTX's witness says so no less than three times.  Shan Decl. ¶¶ 13, 16, 17; *see also* Opp'n, at 3.

#### 2.        *ZTX Chose to Place its Registered Office in the Eastern District*

Because ZTX does not maintain its principal place of business in Texas, the court next looks to where its registered office is in Texas.  ZTX's registered agent and registered office is in Plano, in the Eastern District of Texas.

ZTX protests the "absurd" and "unreasonable" result of maintaining venue where it "has only a mail drop."  Reply, at 3.  But locating its registered office in Plano, rather than Austin, *was entirely ZTX's choice*.  Texas law does not require a corporation to maintain its registered office in the same place as where it conducts business.  Tex. Bus. Org. Code §5.201(c)(2) ("The registered office . . . is not required to be a place of business of the filing entity or foreign filing entity.").  So ZTX could have—but chose not to—locate its registered office in Austin.  Instead, ZTX established its registered office in Plano.  (Unsurprising, perhaps, since ZTX admits to several employees in this district, all of whom live in or near Plano. Shan Decl. ¶ 14.)  Under *BigCommerce*, therefore, venue is proper in this district.

### III.      THE COMPLAINT STATES A CLAIM FOR INFRINGEMENT AGAINST ZTX

In its reply, ZTX now concedes it does not challenge the level of detail of the complaint. Reply, at 6.  Rather, it only claims that the complaint does not sufficiently state which accusations are against ZTX, as opposed to other ZTE affiliates.

American Patents addressed this in its opposition.  The complaint defines the Defendants as ZTE and ZTX, and alleges that they have *each* infringed the patents as detailed in the complaint.  Opp'n Br. at 8-9; Dkt. 1 at ¶ 47.  ZTX's response is to merely complain that the allegations "are not clear at all."  Reply, at 6.  ZTX then attempts yet again to then bring the Shan Declaration into the fold.  This attempt must be dismissed outright—outside facts from a declaration cannot be used to overcome allegations in the complaint.  *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440-41 (5th Cir. 2015) ("Accepting the Defendant-agents' unilateral statements [from affidavits] as true would deprive Bosarge of the presumption of truth to which he is entitled at this stage of the litigation.").

## IV.    CONCLUSION

For the reasons stated herein, and in American Patents' opposition, the Court should deny ZTX's motion to dismiss for improper venue and for failure to state a claim.

Dated: November 28, 2018                          Respectfully submitted,

/s/ *Larry D. Thompson, Jr.*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
The People's Petroleum Building
102 North College Avenue, 13th Floor
Tyler, Texas 75702
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Larry D. Thompson, Jr.*
Larry D. Thompson, Jr.
