**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:18-cv-675-ALM |
| | ) | |
| ZTE CORPORATION, ZTE (TX), INC., and | ) | |
| ZTE (USA) INC. | ) | |
| | ) | |
| Defendants. | | |

**REPLY IN SUPPORT OF ZTE CORPORPATION'S MOTION TO SET ASIDE**
**CLERK'S DEFAULT AND MOTION TO DISMISS PURSUANT TO FRCP 12**

**I.       Plaintiff Has Not Effected Proper Service On ZTE Corp.**

The dispositive issue here is whether Plaintiff has effected proper service of process on

ZTE Corporation ("ZTE Corp.").  It has not.

This Court previously made clear that:  "Because substituted service on the Texas

Secretary of State for a nonresident defendant requires the transmittal of judicial documents

abroad, the Hague Convention is implicated."  *Macrosolve, Inc. v. Antenna Software, Inc.,* No.

6:11-cv-287, 2012 WL 12903085, at *2 (E.D. Tex. March 16, 2012) (holding a Canadian

corporation was not properly served through the Texas Secretary of State).  Other federal courts

in Texas have reached the same conclusion.  *See, e.g., Duarte v. Michelin N. Am., Inc.,* No. c-13-

cv-50, 2013 U.S. Dist. Lexis 73862, at *10 (S.D. Tex. May 3, 2013) ("Because the secretary of

state must send copies of the documents to Japan in order for defendants to have notice of the

lawsuit and for the court to have jurisdiction over them, the Hague convention applies.");

*Alternative Delivery Sols. v. R.R. Donnelly & Sons, Co.*, No. SA-05-CA-0172-XR, 2005 U.S.

Dist. Lexis 15949, at *6 (W.D. Tex. July 8, 2005) ("Because the Secretary must mail the notice

to Mexico, this transmittal of service documents abroad implicates the Hague Convention and its

requirements."); *Paradigm Entm't, Inc. v. Video Sys. Co.*, No. 3:99-cv-2004-P, 2000 U.S. Dist.

Lexis 2667, at *12 (N.D. Tex. 2000) ("Because Texas law requires that documents be transmitted to Japan in order to complete service of process upon Defendant, the Hague Convention applies.").

The Supreme Court recently ruled that "the Hague Service Convention specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017).  Further, the Hague Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document *for service abroad*." *Id.* at 1509.  (Emphasis in original.)  The Supreme Court specifically held that "in cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Id.* at 1513.

China has objected to service by mail under the Hague Convention.  *See, e.g., Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*, No. 17-60431, 2018 U.S. Dist. Lexis 3038 (S.D. Fl. Jan. 4, 2018); *Zhang v. Baidu.com Inc.,* 932 F. Supp. 2d 561, 567 (S.D.N.Y. 2013).  Therefore, service by mail in China does not meet the first condition of *Water Splash*, thereby rendering the purported service by the Texas Secretary of State ineffective against ZTE Corp.  *See Alternative Delivery, supra* at *7 ("[B]y virtue of the Supremacy Clause, the Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies.").

This black-letter law refutes Plaintiff's position that it can avoid service under the Hague Convention because service on the Texas Secretary of State constitutes service in the United States under Rule 4(h)(1).  Plaintiff cites no federal court decision that has adopted its argument, and Plaintiff overlooks that its argument has been rejected by a federal court in Texas.   In

*Duarte, supra* at *7-10, the plaintiff, relying on, *Bonewitz v. Bonewitz,* 726 S.W.2d 227, 230 (Tex. App. – Austin 1987, writ ref'd n.r.e.), argued that "because process is complete upon delivery of documents to the secretary of state (and before the secretary sends them abroad), the Hague Convention does not apply because there is no 'occasion to transmit a judicial or extrajudicial document for service abroad.'"  The court held: "Plaintiffs' argument is not persuasive"

Therefore, ZTE Corp.'s motion to dismiss under Rule 12(b)(5) should be granted.

## II.   The Default Judgment Should Be Set Aside

The Clerk's Entry of Default should be set aside because it was based on the erroneous premise that ZTE Corp. was properly served with process by the Texas Secretary of State.  "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Paradigm, supra*.  Thus, due to the lack of proper service on ZTE Corp., the Entry of Default never should have been entered.

Even if Plaintiff had effected proper service of process on ZTE Corp. (and it has not), the conditions for default are not present.  ZTE Corp. is not willfully ignoring Plaintiff's Complaint or this Court; ZTE has filed a proper motion challenging service of process and, in the alternative, the sufficiency of the Complaint.  ZTE Corp. intends to present meritorious defenses to Plaintiff's claims at the appropriate time, but it is not waiving its right to proper service of process.   Moreover, Plaintiff has not shown any prejudice from ZTE Corp. challenging the improper form of service chosen by Plaintiff.  *See Blue Spike, LLC v. ASUS Computer Int'l, Inc.*, No. 6:16-CV-1384-RWS-KNM, 2018 U.S. Dist. Lexis 48349, at *25-26 (E.D. Tex. Feb. 20, 2018) (holding that to prove prejudice plaintiff must show that any delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.)

3

Plaintiff's stated concern about moving the case along could have been alleviated if Plaintiff had diligently sought from the outset to serve ZTE Corp. under the Hague Convention, rather than waste time and effort to avoid it.

### III.  Plaintiff's Request For Alternative Service Should Be Denied

Plaintiff essentially seeks to reward itself with alternative service because it made absolutely no effort to serve ZTE Corp. under the Hague Convention.  Plaintiff's argument that ZTE Corp. learned of the case through other means is no reason to render the Hague Convention a nullity in this case.  *See, e.g., Zhang, supra* at 566 ("Plaintiffs' next contention, that failure to strictly comply with the terms of the Hague Convention can be excused where a defendant has actual notice, is also without merit.").  At the very least, Plaintiff should make a good faith effort to effect service through the Hague Convention, and only request alternative service if and when compelling reasons arise that warrant it.  *See, e.g., Int'l Designs, supra* at *11-12 (denying request for alternative service where plaintiffs did not attempt service through the Hague Convention or show that such service would be unduly burdensome or futile).[1]

To the extent that Plaintiff may argue that service under the Hague Convention would delay this proceeding, such delay is a result of Plaintiff's own making.  The original complaint included ZTE (USA), Inc. ("ZTE (USA)"), the U.S. subsidiary that sells the accused products in the U.S. and that can be easily served with process.  But Plaintiff decided to voluntarily dismiss ZTE (USA) as soon as Judge Gilstrap ruled that venue is improper for ZTE (USA) in this District.  Apparently, Plaintiff is willing to manipulate the Defendants in this case to try and keep

---

[1] In both cases cited by Plaintiff, an effort was made to serve a Chinese defendant under the Hague Convention before requesting alternative service, and the defendant did not file an opposition to the motion for alternative service.  *Juciero, Inc. v. iTaste Co.,* No. 17-cv-01921, 2017 WL 3996196 (N.D. Cal. June 5, 2017); *X-Mobile Techs. LLC v. Lenovo Grp., Ltd.,* No 4:17-cv-700, Dkt. No. 11 (E.D. Tex. Nov. 7, 2017)

4

the case in this District.  But Plaintiff still must abide by the rules and serve ZTE Corp. under the Hague Convention.

As a last-ditch effort, Plaintiff speculates that "ZTE USA and/or ZTE (TX) *may* be an alter ego of ZTE Corp.," and Plaintiff requests discovery to see if there is any merit to its speculation.  (Dkt. No. 28 at 16 (emphasis added).)  Plaintiff's failure to attempt to serve ZTE (USA) and/or ZTE (TX) as agents of ZTE Corp. reveals Plaintiff's lack of conviction in its hypothesis.  Plaintiff offers no meritorious basis for discovery.  *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013) ("the plaintiffs bear the burden of demonstrating the necessity of discovery").  It would be far more efficient for the parties and Court if plaintiff would initiate service through the Hague Convention now, rather than after taking futile discovery that only further delays service under the Hague Convention.

**IV.**     **Plaintiff Fails To Sufficiently Plead Infringement Against ZTE Corp.**

Plaintiff stubbornly refuses to distinguish between the alleged actions of ZTE Corp., ZTE (TX) and ZTE (USA), and clings to the tactic of indiscriminately lumping them together under the label "ZTE".  Plaintiff does not say that it lacks sufficient information to be more specific in alleging which particular ZTE entity committed the alleged acts of direct infringement, induced infringement or contributory infringement.  Rather, Plaintiff simply ruminates about hypotheticals to try and justify its blurring of ZTE Corp., ZTE (USA) and ZTE (TX).

 Plaintiff misses the mark in its attempt to distinguish *M2M Solutions LLC v. Telit Communications PLC,* No. 14-1103-RGA, 2015 U.S. Dist. Lexis 102349 (D. Del. Aug. 5, 2015).  Plaintiff makes the irrelevant point that "the plaintiff asserted liability of a foreign parent based solely on the parent-subsidiary relationship–the parent company itself did not engage in infringing activities."  (Dkt. No. 28 at 18).  The Delaware district court nevertheless dismissed the complaint because the domestic subsidiary and foreign parent corporations were lumped

together under the undifferentiating label "Telit."  Moreover, like the foreign parent *M2M*, ZTE Corp. does not engage in infringing activities, and Plaintiff tries to avoid that reality by lumping ZTE Corp. and others under the vague "ZTE" label.

Plaintiff could easily moot this issue by amending its Complaint.  Plaintiff's attorneys, who appear to have sued ZTE (USA) and/or related entities at least eight times—and presumably took discovery each time—should know that ZTE Corp. does not make, sell or import the accused products in the United States.[2]  If Plaintiff has a good faith belief that ZTE Corp. was, for example, "making, selling or importing" the accused products in the U.S., it could easily amend the Complaint to say so, and save everyone a lot of time and expense.  Plaintiff's deliberate "hide-the-ball" tactics smack of Rambo litigation.

## V.    Conclusion

For the foregoing reasons, this Court should set aside the Clerk's Default against ZTE Corp., quash Plaintiff's attempted service on ZTE Corp., and dismiss the Complaint, pursuant to Rule 12(b)(2)(5) or 12(b)(6) of the Federal Rules of Civil Procedure, against Defendant ZTE Corp.


Dated: December 17, 2018                    Respectfully submitted,

                                             */s/ Everett Upshaw*
                                            Everett Upshaw
                                            State Bar of Texas No. 24025690
                                            everettupshaw@upshawpllc.com
                                            Keana T. Taylor
                                            State Bar of Texas No. 24042013
                                            keanataylor@upshawpllc.com

---

[2] Plaintiff's attempt to rely the Hu Declaration underscores that Plaintiff has sufficient information to amend its Complaint to clarify the allegations against specific ZTE entities, and that there is no good reason to deliberately blur the allegations by constantly referring to different entities collectively as "ZTE."

Erik Dykema
New York Bar No. 4882460
erikdykema@upshawpllc.com
Craig L. Uhrich
State Bar of Texas No. 24033284
craiguhrich@upshawpllc.com
UPSHAW PLLC
1204 Gano Street
Dallas, TX 75215
P: (972) 920-8000
F: (972) 920-8001

**ATTORNEY FOR DEFENDANT ZTE CORP.**

## <u>CERTIFICATE OF SERVICE</u>

      On December 17, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                         */s/ Everett Upshaw*
                         Everett Upshaw